547



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

ILD C. MANN
ASST GENERAL

February 24, 1939

Hon. Shelburne E. Glover
County Attorney
Marion County
Jefferson, Texas

Dear Sir:

Opinion No. 0-369
Re: Can a brother of a county commission-
er be employed on a P. W. A. Project
where part of funds are paid by the
county and Commissioners' Court has
nothing to do with employment of
commissioner's relative?

Your request for an opinion on the above stated
question has been received by this office.

We quote from your letter as follows:

"I have been asked by the Commissioners
Court to request of you an opinion concerning
the legality of the employment of a brother
of one of the commissioners on a P. W. A. Pro-
ject where a part of the funds are paid by
the county, but the Commissioners Court had
nothing to do with the employment of the Com-
missioner's relative."

Articles 432, 433 and 434 of the Penal Code read
as follows:

"Art. 432. No officer of this State of
any officer of any district, county, city,
precinct, school district, or other municipal
subdivision of this State, or any officer or
member of any state, district, county, city,
school district or other municipal board, or
judge of any court, created by or under author-
ity of any general or special law of this
State, or any member of the Legislature, shall

appoint, or vote for, or confirm the appoint-
ment of any office, position, clerkship, employ-
ment or duty, of any person related within the
second degree by affinity or within the third
degree by consanguinity to the person so ap-
pointing or so voting, or to any other member
of any such board, the Legislature, or court
of which such person so appointing or voting
may be a member, when the salary, fees, or
compensation of such appointee is to be paid
for, directly or indirectly, out of or from
public funds or fees of office of any kind
or character whatsoever.

"Art. 433. The inhibitions set forth in
this law shall apply to and include the Governor,
Lieutenant Governor, Speaker of the House of
Representatives, Railroad Commissioners, head
of departments of the State government, judges
and members of any and all Boards and courts
established by or under the authority of any
general or special law of this State, members
of the Legislature, mayors, commissioners, re-
corders, aldermen and members of school boards
of incorporated cities and towns, public
school trustees, officers and members of
boards of managers of the State University and
of its several branches, and of the various
State educational institutions and of the var-
ious State eleemosynary institutions, and of
the penitentiaries. The enumeration shall
not be held to exclude from the operation and
effect of this law any person included within
its general provisions.

"Art. 434. No officer or other person
included within any provision of this law
shall appoint or vote for appointment or for
confirmation of appointment to any such office,
position, clerkship, employment or duty of any
person whose services are to be rendered under
his direction or control and to be paid for,
directly or indirectly out of any such public
funds or fees of office, and who is related
by affinity within the second degree or by
consanguinity within the third degree to any
such officer or person included within any

provision of this law, in consideration, in whole or in part, that such other officer or person has theretofore appointed, or voted for the appointment or for the confirmation of the appointment, or will thereafter appoint or vote for the appointment, or for the confirmation of the appointment to any such office, position, or clerkship, employment or duty of any person whomsoever related within the second degree by affinity or within the third degree by consanguinity to such officer or other person making such appointment."

Where the Commissioners' Court does not appoint or vote for or confirm the appointment or does not contract, either directly or indirectly with the employee, although such employee is paid in whole or in part out of county funds, such employment would not be in violation or be prohibited by the above quoted statutes.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this Department that the brother of one of the county commissioners would not be prohibited from working on a P. W. A. Project where part of the funds are paid by the county and where the Commissioners' Court had nothing to do whatsoever in employing or securing employment for such employee.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell William

Ardell Williams
Assistant

AW:AW

APPROVED:

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS